STATE, Plaintiff-Appellee, v. GARDNER, Defendant-Appellant.

Ohio Appeals, Second District, Fayette County.

No. 317.   Decided October 13, 1958.

Rollo M. Marchant, Pros. Atty., for plaintiff-appellee.
Charles E. Carter, Springfield, for defendant-appellant.

## OPINION

By THE COURT:
Submitted on motion of defendant-appellant "to strike from the file and record in this action:

"a. The motion filed by the Prosecuting Attorney Rollo M. Marchant, in the Court of Common Pleas in Case No. 4210 on September 17, 1958, and

"b. The journal entry filed September 17, 1958 by 'Judge P. Case' ordering this attorney to show cause on Friday October 3, 1958 why a transcript of the testimony at the trial of this cause should be prepared and furnished to said Defendant at the Expense of the State of Ohio for the following reason to wit.

"No. 1.   That on September 17 this action was pending in this Court of Appeals by Virtue of a Notice of Appeals filed in the Court of Common Pleas on September 12, 1958 from the judgment and sentence rendered by said Court on September 5, 1958 and the same was entered on the docket by the Clerk of the Court of Common Pleas and Court of Appeals, therefore the Judge of the Court of Common Pleas has lost jurisdiction in this action.

"No. 2.   That at the time the entry signed September 17, 1958 by the Honorable John P. Case said Court had no jurisdiction as said jurisdiction was lost upon the filing in said Court a Notice of Appeal.

"No. 3.   That on September 17, 1958 when the motion was filed and an order was made in the trial Court, the Court of Common Pleas, said Judge had no authority to make any order, nor was there any case pending in said Court where the Prosecuting Attorney could file any Motion."

Counsel for defendant urges that the rulings of the trial judge of September 17, 1958, were made without jurisdiction to consider and enter them.

It is stated that the notice of appeal was filed September 12, 1958. Manifestly, nothing done in the trial court subsequent to that date would be reviewable by this court on this appeal. The action to which objection is noted, if unauthorized, must be reached by some proceeding other than that which is available on this appeal.

The motion will be overruled in both branches.

The motion of defendant-appellant for extender of time within which to file brief and assignments of error will be granted and the time extended until November 1, 1958.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.